**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Richard Kevin Stockton,<br><br>Plaintiff,<br><br>vs.<br><br>Greenville County, S.C. GOVT and Fulton County, GA GOVT,<br><br>Defendants. | ) | Civil Action No. 6:26-cv-02988-TMC<br><br>**ORDER** |

Plaintiff Richard Stockton, a Georgia state pretrial detainee, brought this action *pro se* against a plethora of Defendants alleging numerous claims. (ECF No. 1).[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. The magistrate judge issued an order advising Stockton that the complaint was deficient in multiple respects and warned him that if he failed to amend the complaint, the action would be subject to dismissal. (ECF No. 6). Stockton filed an amended complaint eliminating all of the named defendants except two-- "Greenville County, S.C. GOVT" and "Fulton County, GA GOVT." (ECF No. 11). The amended complaint appears to assert a speedy trial claim, a claim for money damages under 42 U.S.C. §

---

[1] Stockton has recently filed a number of similar actions in this court. *See, e.g.*, *Stockton v. Greenville Cnty. Solicitor's Office, et al.*, C/A No. 6:25-cv-13092-TMC, dkt. # 20 (D.S.C. Dec. 31, 2025) (dismissing action for failure to comply with court order characterizing Plaintiff's action as frivolous); *Stockton v. Fort Hill Nat. Gas Co.*, C/A No. 4:25-cv-09957-TMC, dkt. # 26 (D.S.C. Nov. 19, 2025) (adopting recommendation that action be dismissed for failure to state a claim upon which relief can be granted and for frivolity); *Stockton v. Atlanta Judicial Circuit*, 4:25-cv-09580-TMC, dkt. #13 (D.S.C. Oct. 21, 2025) (summarily dismissing action).

1983, and a claim on behalf of his daughter against a Georgia state prosecutor. *Id.* He seeks $50 Million. *Id.* at 6.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 17), concluding Stockton's amended complaint fails to state a claim upon which relief may be granted and that, to the extent Stockton is attempting to raise a speedy trial claim relating to state proceedings that are still pending, the court should abstain from considering the issue. *Id*. at 5–7. Accordingly, the magistrate judge recommended that this court dismiss this action under 28 U.S.C. § 1915(e) and § 1915A without prejudice and without leave for further amendment, as amendment would be futile. *Id*. at 7.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").

Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Stockton filed several documents which the court liberally construes as objections to the Report, (ECF Nos. 20, 21, 24 and 25). In these objections, he repeats his claims and generally disagrees with the Report. Stockton's objections, however, do not relate to or in any way address the dispositive portions of the Report, and the court overrules them. The court has reviewed the Report under a *de novo* standard, finds no error in the Report and can discern no basis for deviating

from the Report. The court agrees with and wholly **ADOPTS** the magistrate judge's findings, conclusions and recommendations in the Report (ECF No. 17), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice and without further leave to amend.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
September 28, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.